Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
ONE LLP
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiffs
Backgrid USA, Inc. and Splash News and
Picture Agency, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BACKGRID USA, INC., a California corporation; SPLASH NEWS AND PICTURE AGENCY, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NIYAMASOL LLC, a Nevada limited liability company and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-10541<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs Backgrid USA, Inc. and Splash News and Picture Agency, LLC complain against Defendant Niyamasol LLC and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendant availed itself to this district. Among other things, Defendant's agents represent that they reside in this district, including Defendant's Vice President of Communications, Digital Marketing Manager, and "E-commerce/Digital Content" agent. Moreover, on Defendant's Linkedin account, it represents that it is located in Los Angeles. In addition, the injury suffered by Plaintiffs took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Backgrid USA, Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. Plaintiff Splash News and Picture Agency, LLC ("Splash") is a Nevada limited liability company with its principal place of business in Los Angeles, California.

5. On information and belief, Defendant Niyamasol LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

6. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will ask for leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

### *The Photo Agencies and the Photographs that Frame this Dispute*

7. Splash and Backgrid (collectively the "Photo Agencies") are Hollywood's largest celebrity-photograph agencies that regularly license celebrity-driven content to top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration of up to hundreds of thousands of dollars.

8. Among many other in-demand photographs, Splash and Backgrid respectively own the coveted celebrity photographs at issue in this litigation, among many more (hereinafter the "Celebrity Photographs"). Backgrid owns at least 7 timely registered photographs ("Backgrid Timely Registered Photographs") that have been infringed by Defendant and are at issue in this litigation; Splash owns at least 3 timely registered photographs ("Splash Timely Registered Photographs").

9. The Photo Agencies filed for copyright registration of their respective Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The Copyright registration information for the timely registered photographs is attached as Exhibit A-1 (Backgrid) and A-2 (Splash).

### *Defendant and Its Willfully Infringing Activity*

10. Niyamasol is a yoga lifestyle brand that touts itself as the "go-to brand for everyday women and celebrities alike." It creates mainstream and limited edition collections of athletic wear that are sold directly and through large retailers and

gyms. To promote its brand and sales of its clothing line, Niyamasol operates an Instagram account located at instagram.com/niyamasol ("Instagram Account") which links back to the Niyamasol website. It represents it currently has about 249,000 followers.

11. Unfortunately, to promote the Niyamasol brand, it reproduced, distributed, displayed, and created unauthorized derivative works of the timely registered Agency Photographs on its Instagram Account without consent or license, as shown in Exhibit B-1 (Infringements of Backgrid Timely Registered Photographs), B-2 (Infringements of Splash Timely Registered Photographs).

12. Niyamasol has violated federal law by willfully infringing at least 10 timely registered photographs on, at least, the Niyamasol Instagram account and website, which are owned by either Backgrid or Splash.

13. Niyamasol has induced, caused, or materially contributed to the reproduction, distribution and public display of the Agency Photographs, and derivatives thereof, all the while knowing that the infringing images on its Instagram Account and website were being used without permission, consent, or license.

14. On information and belief, at all times relevant to this dispute, Niyamasol has operated, and controlled its Instagram Account and website and has financially benefited by displaying and reproducing the Agency Photographs thereto. On information and belief, Niyamasol has driven significant traffic to its Instagram and increased the goodwill to its brand through the unauthorized use of the Agency Photographs, and, thereby increased its revenues through the presence of the sought-after and searched-for Agency Photographs that frame this dispute. Such traffic translated into a substantial ill-gotten commercial advantage and increased brand awareness as a direct consequence of the infringements.

15. The Parties attempted to resolve this dispute prior to the filing of this lawsuit but were unable to do so.

# FIRST CLAIM FOR RELIEF

## (Backgrid's Claim for Copyright Infringement, 17 U.S.C. § 501)

16. Backgrid incorporates here by reference the allegations in paragraphs 1 through 15 above.

17. Backgrid is the owner of all rights, title, and interest in the copyrights of the Backgrid Timely Registered Photographs that frame this dispute, which substantially consist of material that is wholly original copyrightable subject matter under the laws of the United States.

18. Backgrid filed for copyright registration of the Backgrid Timely Registered Photographs with the United States Copyright Office within 90 days of their first publication.

19. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Backgrid Timely Registered Photographs for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq*.

20. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

21. Backgrid has identified at least 7 instances of infringement by way of unlawful reproduction and display of the Backgrid Timely Registered Photographs.

22. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

23. Niyamasol has willfully infringed, and unless enjoined will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing Backgrid's photographs by, among other things, virtue of Niyamasol's encouragement of the infringement and financial benefit it receives from infringement of Backgrid's copyrights.

24. Defendant's wrongful acts have caused, and are causing, injury to Backgrid, which injury cannot be accurately computed, Unless this Court restrains

Defendants from further commission of said acts, Backgrid will suffer irreparable injury for which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

25. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 1,050,000 in statutory damages for the at-least 7 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Splash's Claim for Copyright Infringement, 17 U.S.C. § 501)

26. Splash incorporates here by reference the allegations in paragraphs 1 through 25 above.

27. Splash is the owner of all rights, title, and interest in the copyrights of the Splash Timely Registered Photographs that frame this dispute, which substantially consist of material that is wholly original copyrightable subject matter under the laws of the United States.

28. Splash filed for copyright registration of the Splash Timely Registered Photographs with the United States Copyright Office within 90 days of their first publication.

29. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Splash's copyrights by reproducing, displaying, distributing, and utilizing the Splash Timely Registered Photographs for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq*.

30. All the Defendants' acts are and were performed without permission, license, or consent of Splash.

31. Splash has identified at least 3 instances of infringement by way of unlawful reproduction and display of the Splash Timely Registered Photographs.

32. As a result of the acts of Defendants alleged herein, Splash has suffered substantial economic damage.

33. Niyamasol has willfully infringed, and unless enjoined will continue to infringe, Splash's copyrights by knowingly reproducing, displaying, distributing, and utilizing Splash's photographs by, among other things, virtue of Niyamasol's encouragement of the infringement and financial benefit it receives from infringement of Splash's copyrights.

34. Defendant's wrongful acts have caused, and are causing, injury to Splash, which cannot be accurately computed. Unless this Court restrains Defendants from further commission of said acts, Splash will suffer irreparable injury for which it is without an adequate remedy at law. Accordingly, Splash seeks a declaration that Defendants are infringing Splash's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

35. The above-documented infringements alone would entitle Splash to a potential award of up to $ 450,000 in statutory damages for the at-least 3 infringed photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. That Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all the Agency Photographs, including on Instagram and Facebook;

2. That pursuant to 17 U.S.C. § 504 (a)(1) & (b) an accounting be made of all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiffs' copyrights;

3. Pursuant to under 17 U.S.C. § 504 (a)(1) & (b) for actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, and for all damages suffered by Plaintiffs by reasons of Defendant's acts;

4. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

5. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, and

7. For any such other and further relief as the Court may deem just and appropriate.

Dated:  November 18, 2020        **ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi

Attorneys for Plaintiff
Backgrid USA, Inc. and Splash News and Picture Agency, LLC

# DEMAND FOR JURY TRIAL

Plaintiffs Backgrid USA, Inc., and Splash News and Picture Agency, LLC, hereby demands trial by jury of all issues so triable under the law.

Dated: November 18, 2020       **ONE LLP**

By: /s/ Joanna Ardalan
    Joanna Ardalan
    Peter R. Afrasiabi

    Attorneys for Plaintiff
    Backgrid USA, Inc. and Splash News and Picture Agency, LLC